JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MELVIN AVILA, | ) | Case No. CV 19-1295-PJW |
| Plaintiff, | ) ) ) | ORDER GRANTING PLAINTIFF'S MOTION |
| v. | ) ) | TO REMAND THE ACTION TO STATE COURT AND DENYING REQUEST FOR |
| KIEWIT CORPORATION, ET AL., | ) ) | ATTORNEY'S FEES |
| Defendants. | ) ) | |

## I.

## INTRODUCTION

In January 2019, Plaintiff filed this action in Los Angeles County Superior Court against his former employer Defendant Kiewit Corporation. Plaintiff claimed that Defendant failed to pay proper wages, provide meal breaks, etc. (Complaint at ¶¶ 4, 7.) He brought the action on behalf of present and past employees similarly situated and sought class certification.

In February 2019, Defendant removed the case to this court, arguing that federal jurisdiction existed under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"). Plaintiff now moves to remand the case back to the Superior Court on the ground that Defendant has not shown that the aggregate amount in controversy

exceeds $5 million, a jurisdictional requirement under CAFA. For the reasons explained below, the Court concludes that Defendant has not met its burden and, therefore, remand is warranted.

## II.

## ANALYSIS

Jurisdiction under CAFA requires, among other things, that the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(1). Because Defendant Kiewit seeks to have the case litigated in federal court, it has the burden of establishing by a preponderance of the evidence that there is $5,000,000 at stake. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015); *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Defendant seeks to establish the jurisdictional amount with an analysis from its human resources specialist Clayton Wight, who collected data on the potential class members and their potential claims. Defendant's counsel then tried to extrapolate the potential damages that could flow from Plaintiff's claims by assuming that each employee suffered one violation under each category of alleged violations, arriving at a potential damages figure of more than $35,000,000. (Defendant's Opposition to Plaintiff's Motion to Remand at 5-7.) Plaintiff argues that Defendant's figures are nothing more than speculation and fall far short of the type of proof needed to overcome a remand motion.

The starting point for the Court's analysis is the Complaint. In reviewing the Complaint, it appears that Plaintiff has intentionally drafted it to avoid removal under CAFA, which is something he is allowed to do. Hence, though describing Defendant's alleged trans-

gressions against Plaintiff as "typical and illustrative" of the class, Plaintiff later explains that Defendant "frequently" and "regularly, but not always" acted this way. (Complaint at ¶¶ 14, 17, 18.) This language runs contrary to Defendant's assumption that all class members suffered at least one violation and is enough to defeat removal under CAFA. *See, e.g., Martinez v. Morgan*, 2010 WL 3123175, at *5-7 (S.D. Cal. Aug. 9, 2010) ("Although Plaintiff alleged that her claims are typical of the class as a whole and that class members consistently worked overtime, this does not provide a basis to assume that every class member worked any particular number of overtime hours, much less that he or she worked the same number of overtime hours every workday as Plaintiff did on an unspecified occasion"); *see also*, *Armstrong v. Ruan Transportation*, 2016 WL 6267931 (C.D. Cal. Oct. 25, 2016); *and Vasserman v. Henry Mayo*, 65 F. Supp.3d 932, 969-802 (C.D. Cal. 2014).

Defendant complains that it cannot provide additional evidence because Plaintiff has brought only "off the book" claims--such as unpaid overtime hours--for which no records exist. The Court acknowledges the difficulty Defendant faces in establishing the amount in controversy at this stage of the proceedings but finds that this is not enough to justify lowering the bar. Further, the Court notes that remand does not deprive Defendant of a forum to litigate the case; it only deprives Defendant of litigating the case in its preferred forum.

Finally, in his motion for remand, Plaintiff asks the Court to award $9,100 in attorney's fees because he believes that Defendant acted unreasonably when he removed the case. He points out that courts in this circuit have uniformly held that removals supported by mere assumptions are improper.

1    The request for attorney's fees is denied.  Though Defendant was
2 not able to meet its burden of proof in opposing Plaintiff's motion
3 for remand, that does not mean that Defendant acted unreasonably when
4 it removed the case from state court.  It is clear to the Court that
5 before the ink is dry on this decision, the parties and their counsel
6 will be switching their positions, with Plaintiff's side arguing that
7 the damages are well above the $5,000,000 mark and Defendant's camp
8 arguing that they are not.

## III.

## CONCLUSION

For these reasons, the case is remanded to the Superior Court of Los Angeles County.  Plaintiff's request for attorney's fees is denied.[1]

IT IS SO ORDERED.

DATED: June 25, 2019.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Consent\Avila v. Kiewit 1295\Order on motion to remand.wpd

---

[1] Because the Court finds that Defendant has not established federal jurisdiction, it will not address Defendant's motion to dismiss or, in the alternative, to compel arbitration. (Lodged Document Nos. 25, 28.)

4